(61 Misc. Rep. 284.)

## HUMPHREYS v. ROBERTS.

(Supreme Court, Appellate Term. December 24, 1908.)

LANDLORD AND TENANT (§ 28*) — MISREPRESENTATIONS BY LANDLORD — MATERIALITY.

Misrepresentation by a sublessor that there was no restriction in his lease other than that the premises should not be used as a restaurant or saloon was material to a defense of fraud in an action by him against his lessee, where it was an inducement to the execution of the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 28.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Annie L. Humphreys against Edith B. A. Roberts. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Mackenzie & Burr, for appellant.
I. H. Kramer, for respondent.

HENDRICK, J. The defense alleged and sought to be proved was one of fraudulent representations inducing the execution of the lease. The representations relied upon were, firstly, that the lessor was paying $2,400 per annum as the rent of the premises, and, secondly, that there was no restriction in plaintiff's lease, other than that said premises should not be used as a restaurant or saloon. The trial court held that neither of said representations, if made, were material statements, and struck out the defense. The case of Rosenbaum v. Gunter, 3 E. D. Smith, 203, relied on by the respondent, and on the authority

of which the trial court based its ruling, seems to be controlling as to the first alleged misrepresentation.

But the representation in respect to restrictions was a representation of a material fact which it is claimed by defendant was an inducing cause of the execution of the lease and of the guaranty. If there were no restrictions in the plaintiff's lease, the benefit of that state of facts would, of course, accrue to the defendant, and the value of those benefits are claimed as an inducement to the execution of the lease between the parties to this action. We believe that such representation, if false, was material to a defense of fraud, and evidence thereof should have been admitted.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GIEGERICH, J., concurs in the result.

FORD, J. (concurring). I concur in the result on the ground that the trial court erred in excluding evidence offered to prove both the alleged misrepresentations in respect of the amount of the rent reserved under plaintiff's lease from her lessor (Powell v. Linde Co., 49 App. Div. 286, 64 N. Y. Supp. 153), as well as in respect of the right to sublet.